UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ISABELLA MIGLIOZZI,

    Plaintiff,

v.                                        CASE NO. 2:20-cv-326-FTM-38MRM

LEE MEMORIAL HEALTH
SYSTEM, d/b/a LEE HEALTH, THE
PAVILION AT HEALTH PARK LLC,
d/b/a PARK ROYAL BEHAVIORAL
HEALTH SERVICES, and JOHN
DOE in his or her individual
capacity.

    Defendants.
_____/

**DEFENDANT LEE HEALTH'S MOTION TO DISMISS**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Lee Memorial Health System ("Lee Health") moves to dismiss Plaintiff's Complaint (Doc. 1) for failure to state a claim upon which relief can be granted.

**I. Introduction & Background**

Plaintiff Isabella Migliozzi was involuntarily committed under Florida's Baker Act, Fla. Stat. § 394.463, after she reported to a local hospital with feelings of depression. (Doc. 1 ¶¶ 9-11.) Generally speaking, the Baker Act authorizes the involuntary commitment of a person who is exhibiting signs of mental illness and poses a potential danger to herself or others. See Fla. Stat. § 394.463(1). Migliozzi believes there "was no basis for anyone to

conclude that she was an imminent danger to herself or others." (Doc. 1 ¶ 11.)[1] Accordingly, she has sued Lee Health, the parent corporation of the hospital, and "John Doe," the unidentified Lee Health employee who initiated the Baker Act. (Id. at Counts I & III.)

As to Lee Health, the complaint alleges a single claim for false imprisonment. The crux of Migliozzi's argument is that her treating physicians incorrectly applied the Baker Act. (See Doc. 1 ¶ 14.) Although labeled an intentional tort, her allegations ultimately contest a medical decision. See Mount Sinai Med. Ctr. v. Fotea, 937 So. 2d 146, 147 (Fla. 3d DCA 2006) (holding that a claim for improper commitment under the Baker Act "clearly ar[ose] out of the rendering of medical services"). To prevail on this type of claim, Migliozzi must comply with the pre-suit requirements for medical malpractice actions under Fla. Stat. § 766.203. See Doe v. HCA Health Servs. of Fla., Inc., 640 So. 2d 1177, 1178 (Fla. 2d DCA 1994). The complaint fails to mention those requirements, let alone allege their satisfaction. This is fatal to Migliozzi's claim against Lee Health, no matter her theory of relief. Id.

Migliozzi's federal civil rights claim against John Doe is likewise deficient. (Doc. 1, Count III.) The complaint is devoid of information from which Lee Health could identify this individual among its employees. Such

---

[1] Unless otherwise indicated, all internal quotation marks, citations, or alterations have been omitted in this and subsequent citations.

nebulous pleading is not allowed.  See, e.g., Fitzpatrick v. Ga. Dep't of Corr., No. CV612-022, 2012 WL 5207474, at *8 (S.D. Ga. Sept. 12, 2012).  For these reasons, Migliozzi's complaint against Lee Health and John Doe should be dismissed.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) creates a procedural mechanism to dispose of pleadings that fail to state a valid cause of action. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

When reviewing a motion to dismiss under this rule, a court must construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in the plaintiff's favor. Conclusory assertions, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to an assumption of truth. Id. at 679.  Further, the court can infer "obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (citation and alterations omitted).

The Eleventh Circuit uses a two-pronged approach in ruling on a motion to dismiss: "1) eliminate any allegations in the complaint that are

merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. Under this standard, the trial court has a duty to narrow the issues by stripping away frivolous or legally unsupportable claims. See Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997).

### III. Argument

**A. Migliozzi's false imprisonment claim is legally barred because she has not pled compliance with the pre-suit requirements of Fla. Stat. § 766.203**

Before filing a medical negligence action in Florida, a claimant must satisfy certain statutory requirements. This includes conducting a pre-suit investigation process to ascertain whether there are reasonable grounds to believe that the defendant was negligent. See Fla. Stat. § 766.203. These conditions are not aspirational—Chapter 766 creates a substantive condition precedent to filing suit. See Gross v. White, No. 8:05-CV-1767-27TBM, 2008 WL 2795805, at *7 (M.D. Fla. July 18, 2008) ("If a court finds that a claimant has not complied with presuit procedures prior to filing his complaint [Florida law] instructs the court to dismiss the action.").

The presuit screening process outlined in Chapter 766 is not limited to traditional medical negligence claims. Section 766.202(7) defines "medical negligence" as "medical malpractice, whether grounded in tort or contract."

Page 4

Id. "Medical malpractice," in turn, is defined as "a claim, arising out of the rendering of, or the failure to render, medical care or services." Id. at § 766.106(1)(a). Read together, these definitions provide that Chapter 766 covers *all actions* "that arise out of the rendering of, or the failure to render, medical care or services." J.B. v. Sacred Heart Hosp. of Pensacola, 635 So. 2d 945, 949 (Fla. 1994).

Migliozzi has sued Lee Health for false imprisonment, not negligence. But application of Chapter 766 does not turn on the particular label a plaintiff attaches to her claim. Determining whether Florida's pre-suit requirements apply begins and ends with the underlying facts. Even intentional torts stemming from improper medical care must follow the pre-suit procedures. See, e.g., Tunner v. Foss, 655 So. 2d 1151, 1152 (Fla. 5th DCA 1995); Indian River Mem'l Hosp. v. Browne, 44 So. 3d 237, 239 (Fla. 4th DCA 2010).

Migliozzi's false imprisonment claim is premised on allegations that Lee Health (through John Doe) misapplied the Baker Act. (See Doc. 1 ¶ 13 ("Lee Health . . . concluded without justification that [Plaintiff] was manifestly incapable of surviving alone[.]"). Whether to commit an individual in this setting is a medical decision needing a professional diagnosis. See Fla. Stat. § 394.463(2)(a)(3) (explaining that a physician may invoke the Baker Act only upon examining the patient and finding that she meets the

Page 5

criteria for involuntary commitment); Mount Sinai Med. Ctr. v. Fotea, 937 So. 2d 146, 147 (Fla. 3d DCA 2006). The legality of Migliozzi's detention is thus intertwined with a medical judgment. She can only prevail by showing that John Doe misdiagnosed her. These allegations unavoidably fall under Chapter 766. See Doe, 640 So. 2d at 1178.

Particularly illustrative is Blom v. Adventist Health Sys./Sunbelt, Inc., 911 So. 2d 211 (Fla. 5th DCA 2005). In Blom, the plaintiff admitted herself to the emergency room because of "an adverse reaction that she was having to certain prescribed anxiety medication." Id. at 212. Following an examination, the attending physician involuntarily committed her. The plaintiff later sued the hospital for false imprisonment, claiming the doctor did not "follo[w] the lawful and proper procedures set forth in [Florida's Baker Act]." Id. The hospital moved to dismiss for lack of compliance with Chapter 766 and prevailed. Id. at 213.

The plaintiff appealed, arguing that the pre-suit obligations under Chapter 776 were inapplicable because her claims "of false imprisonment [did] not allege any kind of medical malpractice." Id. at 215. The appellate court disagreed. It observed that the complaint "arose out of the purportedly improper mental health commitment that was based on the physician's diagnosis." Id. at 214. Thus, the plaintiff's allegations "ar[ose] out of the

Page 6

rendering of medical care" and "the medical malpractice pre-suit procedures must . . . be followed." Id.

The Blom decision could have been written in reference to the instant case. Just like in Blom, Migliozzi is claiming that John Doe misapplied the Baker Act while acting in his capacity as a medical professional. (See Doc. 1 ¶¶ 4, 14.) "That is to say, . . . the physician was wrong in his diagnosis." Blom, 911 So. 2d at 215. No matter the label applied by Migliozzi, these allegations arise from a medical diagnosis. See, e.g., Omni Healthcare, Inc. v. Moser, 106 So. 3d 474, 475 (Fla. 5th DCA 2012) (holding the claim sounded in medical negligence despite the plaintiffs attempt to allege a claim in simple negligence).

Migliozzi's false imprisonment claim falls squarely "within the lap" of Chapter 766. Blom, 911 So. 2d at 214. Because she has not alleged compliance with this statute's pre-suit requirements, her claim must be dismissed. See Gross, 2008 WL 2795805, at *7.

### B. Migliozzi's claim against John Doe is improper fictitious pleading

As mentioned, Migliozzi has sued both Lee Health and an employee labeled as John Doe. While federal courts do at times allow fictitious party pleading, the Eleventh Circuit has limited this practice to when the plaintiff's description is so specific as to be, "at the very worst, surplusage." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). Such is not the case here.

John Doe is identified as an "e*mployee(s)* of Lee Health . . . who made the decision to initiate the involuntary commitment." (Doc. 1 ¶ 4.) As evident by Migliozzi's uncertainty about whether John Doe is one person or several, numerous employees had contact with Migliozzi and contributed to her Baker Act assessment. Lee Health should not be left to guess as to which employee is the target of this suit. Allowing the litigation to proceed under such a cloud of uncertainty serves no purpose but to limit Lee Health's ability to prepare its defense.

Further, as a practical matter, Migliozzi has access to her medical records. There is nothing prohibiting her from identifying John Doe and naming him in the caption. Indeed, this step is constitutionally required for Migliozzi to obtain any relief against this defendant. See Davis v. Davis, 551 F. App'x 991, 996 (11th Cir. 2014) ("[A] person is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process[.]").

Accordingly, Migliozzi's claim against John Doe should be dismissed until she identifies the individual (or individuals) she is seeking relief against. See, e.g., Fitzpatrick v. Ga. Dep't of Corr., No. CV612-022, 2012 WL 5207474, at *8 (S.D. Ga. Sept. 12, 2012) (dismissing claims against unknown jail personnel because the defendants could have been any of a number of

people and there was no "real possibility" that their identities would ever be revealed).

### IV. Conclusion

Migliozzi may ultimately be entitled to her day in court. But before that occurs, she must comply with the pre-suit requirements under Chapter 766 and identify the individual defendants who she believes are responsible for her unlawful confinement. Until these pleading deficiencies are satisfied, Migliozzi's claims against Lee Health and John Doe remain legally deficient. Accordingly, Lee Health respectfully requests that the Court dismiss Counts I and III of the pending complaint.

Respectfully submitted,

 /s/ Kyle C. Dudek
Kyle C. Dudek

I HEREBY CERTIFY that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to the following:

Chrisopher DeCosta
MASHIE & DECOSTA, PA
150 Matthew Drive, Suite E
Fort Myers, FL 33907
239.931-7566
Eservice@md-lawfirm.com
Chris@md-lawfirm.com

                                HENDERSON, FRANKLIN, STARNES  
                                    & HOLT  
Attorneys for Defendant Lee Health  
Post Office Box 280  
Fort Myers, Florida 33902-0280  
Telephone: 239.344.1346  
Facsimile: 239.344.1501  
Primary: robert.shearman@henlaw.com  
Secondary: courtney.ward@henlaw.com  

By: /s/ Kyle C. Dudek  
    Robert C. Shearman  
    Florida Bar No. 614025  
    Kyle C. Dudek  
    Florida Bar. No. 122752